# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MICHAEL H. SATTERFIELD,**

        **Plaintiff,**

**v.**                                                                 Case No.: 07-2349-DJW

**WELLS FARGO FINANCIAL**
**FLORIDA, INC.,**

        **Defendant.**

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

Pursuant to the Court's Scheduling Order dated February 7, 2008, the parties in this action submit the following Stipulated Protective Order. This case involves a dispute between Plaintiff, Michael H. Satterfield, and Defendant, Wells Fargo Financial Florida, Inc. ("WFFFI") concerning Plaintiff's credit report. Briefly stated, WFFFI sent an unsolicited loan check to a Florida resident also named Michael H. Satterfield. The Florida Michael H. Satterfield apparently cashed the check and failed to repay WFFFI. Thereafter WFFFI attempted to collect the loan from Plaintiff and, in the process, accessed Plaintiff's credit report, caused information to be placed on his credit report and engaged a third party debt collector to collect the loan from Plaintiff.

The parties believe there is a need for such Protective Order because discovery in this matter may include information pertaining to the parties' confidential financial information, and/or WFFFI's trade secret or other confidential commercial information not intended to be revealed to the public. More specifically, WFFFI is engaged in proprietary activities (including, but not limited to: banking, insurance, investments, mortgage and consumer finance) and could suffer immediate and irreparable harm if non-public and sensitive confidential information were

disclosed publicly.

NOW on this 13th day of February 2008, for good cause shown and with the consent of the parties, it is hereby ordered and the parties hereby stipulate as follows:

1.  The purpose of this Stipulated Protective Order Regarding Confidentiality (the "Protective Order") is to facilitate expeditious discovery and the exchange of information and documents in this litigation and to protect the interests of the parties in their confidential and commercially-sensitive information and documents in accordance with Fed. R. Civ. P. 26(c). This Protective Order shall govern the handling of documents, deposition exhibits, interrogatory responses, admissions, and any other information produced, governed or exchanged by and among the parties to the above-captioned action (the "Action") in connection with discovery in this matter.  In entering into this Protective Order, the parties expressly recognize that certain of the parties who may provide discovery in this Action are engaged in proprietary activities and could suffer immediate and irreparable harm if non-public and sensitive confidential information were disclosed publicly.

2.  Any person or entity who produces any document or information, and any person or entity who generated or has rights to any document or information, is referred to herein as a "Producing Party."  A Producing Party may designate information as "Confidential" in any form (which may include electronically created or store information) that the information is produced, disclosed or otherwise provided during discovery in the Action if the Producing Party believes in good faith that there is good cause to treat the information as Confidential because it contains proprietary or sensitive non-public financial, trade secret, personal, or commercial information. More specifically, the following categories of documents are subject to this Protective Order:

   a) Plaintiff's confidential financial documents and credit reports;

      b) Defendant's confidential financial documents, such as market share and customer information regarding WFFFI's loan customers; and

      c) confidential information pertaining to WFFFI's business practices and customer records.

Thus, these documents designated as Confidential and produced in the Action by a Producing Party, pursuant to this Protective Order, are entitled to the protections specified in this Protective Order.

   3.  Prior to furnishing documents deemed Confidential under this Protective Order, the Confidential documents shall be prominently marked Confidential by the Producing Party. With respect to Confidential information other than documents, such as discovery responses and deposition testimony, such information shall be clearly designated as Confidential at the time of disclosure, or by a writing from the attorney for the party asserting a claim of confidentiality, within ten (10) days following receipt of the transcript or other document containing Confidential information.

   4.  Documents and information produced by third parties in the Action, not otherwise designated as Confidential, may be designated Confidential by any other party (the "Designating Party") through the following procedure: No later than thirty (30) days after the receipt of the third party documents or information, the Designating Party shall provide to the other parties, a list, by Bates-number if available or sufficient description, identifying the documents or information to be designated Confidential. The parties will then each prominently mark all such documents or information in their possession as Confidential. Any documents so designated shall be entitled to all of the protections provided under this Protective Order.

   5.  The parties shall not furnish any document or disclose any information contained in any document designated as Confidential under this Protective Order except as provided below:

a.  A Designating or Producing Party may, (without any waiver of Confidential status,) disclose to any person Confidential documents or Confidential information (collectively "Confidential information") of which it is the source.

b.  A party may disclose Confidential inform<u>ation of which it is not</u> the source as follows:

i.  Confidential information may be used in the taking of testimony at, or in defending, any deposition, hearing or trial in this action, subject to the requirements of Paragraph 6.

ii.  Confidential information may be used in any oral or written argument in the Action, subject to the requirements of Paragraphs 7 and 8.

iii.  Confidential information may be shown to any witness or potential witness in interviews or in preparation for any deposition, hearing, or trial, and at any deposition, hearing, or trial in the Action, subject to the requirements of Paragraphs 6 and 8.

iv.  Confidential information may be disclosed to the Court and its personnel, including court reporters.

v.  Confidential information may be disclosed to employees, legal personnel, and members of the law firms of counsel of record (including in-house counsel for the parties and employees acting on their behalf).

vi.  Confidential information may be disclosed to experts and independent consultants engaged by counsel of record in this Action, and to employees of such experts or consultants, subject to the requirements of Paragraph 6.

vii.  Confidential information may be disclosed to employees of all parties for use in this litigation only.

viii.  Confidential information may be disclosed to any other person

under the following conditions: (i) if the parties agree, after conferring in good faith, that the person may have access to Confidential information; or (ii) if the Court orders, upon motion with good cause shown, that the person may have access to Confidential information.

6. Except as otherwise provided below, any disclosure or dissemination of Confidential information shall be preceded by the execution of the Undertaking attached as Exhibit A to this Protective Order. During the course of the Action, counsel shall retain the Undertakings executed by individuals receiving Confidential information, and counsel shall exchange the Undertakings, upon request, at the conclusion of the Action. If a Producing or Designating Party has good cause to believe that another party has improperly disclosed Confidential information, it may move for an order allowing it to inspect the Undertakings prior to the conclusion of the Action.

Although the confidentiality requirements of this Protective Order shall in all respects otherwise apply, the following persons shall not be required to execute Undertakings before Confidential information may be disclosed to them:

(a) Counsel of record (including in-house counsel for the parties and employees acting on their behalf) and legal, paralegal, clerical, secretarial, and other persons employed by counsel of record for any party on a regular basis and not solely for purposes of the Action; and

(b) The parties, or their present and former employees, officers, and directors, to the extent such disclosure is necessary for the carrying out of their respective duties in connection with the Action.

Court personnel (including any court reporters) and members of the jury are exempt from the requirements of this Protective Order.

7. If it becomes necessary for a party to file a document containing Confidential

5

information with the Court, either directly or as a part of another document, the party seeking to file confidential information must first file a motion with the Court. Pursuant to this Court's administrative procedures for electronically filing document(s) under seal, if the motion for leave to file under seal is granted, then the assigned judge will enter electronically the order authorizing the filing of the documents under seal. The assigned judge will also direct the clerk's office to grant to all attorneys who have entered an appearance in this case (and whose appearance has not been terminated) the ability to view sealed documents in this case (assuming this access has not been previously granted). The filing party shall then file its document(s) electronically under seal.

8. Nothing herein shall preclude a party from exhibiting, during deposition, hearing or trial proceedings, any Confidential information to or eliciting Confidential information from: (1) the Producing or Designating Party; (2) a present or former officer, director, managing agent, or professional advisor to the Producing or Designating Party; (3) an employee of the Producing or Designating Party who generated or received a copy of the Confidential information; (4) any person to whom the Producing or Designating Party voluntarily provided the Confidential information; or (5) any other person qualified under this Protective Order to receive Confidential information under Paragraph 6, provided that the public and all other unqualified persons are excluded from that portion of the proceedings in accordance with this Court's procedures. Prior to introducing any Confidential information during any hearing or trial in this litigation, the party intending to use such information will approach the bench for a ruling on how the document is to be treated.

9. If a Producing or Designating Party determines that it has inadvertently failed to designate documents or information as Confidential, the Producing or Designating Party, promptly upon discovery thereof, shall provide notice of the inadvertent omission to all other parties, and the

6

information shall be treated as if the Confidential designation had been made when the information was first produced, disclosed, or otherwise provided in the Action.

10. If documents or information subject to a claim of attorney-client privilege or work product protection is inadvertently produced or disclosed, such production or disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product. If a claim of inadvertent production or disclosure is made pursuant to this paragraph with respect to information then in the custody of another party, such party shall promptly return the information to the party claiming privilege, and the receiving party shall make no use of that information in the Action. The party returning such information may thereafter move the Court for an Order compelling production of such information but may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.

11. Nothing in this Protective Order shall preclude any party from seeking greater protection for documents or information than the protections provided for herein, including further limiting disclosure of certain documents and information to attorneys and non-party experts.

12. A party may seek relief from the Court with respect to any of the provisions of this Protective Order or may challenge the confidentiality designation of any document, by motion and with notice provided to all parties, and any third party who has produced documents pursuant to this Protective Order. If a party objects to the designation of documents or information as Confidential, it shall advise the Producing or Designating Party in writing of the grounds for the objection, and the Producing or Designating Party shall have fifteen days to review the objection. The objection should attach a copy of the Confidential information subject to challenge or shall identify the Confidential information by Bates-number or other appropriate

designation. The objection shall set forth in detail the reason for the objection. If the Producing or Designating Party declines to remove the Confidential designation, the objecting party may move the Court for an order to remove the Confidential designation. Notwithstanding the objection, the challenged documents or information shall be treated as Confidential until the Court rules on any motion to remove the Confidential designation. For good cause shown, the objecting party may ask the Court to shorten the time periods provided by this paragraph.

   13. The Protective Order shall not prohibit a party from disclosing Confidential information in response to a duly served subpoena or a request from a governmental agency requesting production of Confidential information, provided that the party receiving the subpoena or government request notifies the Producing or Designating Party, in writing, by facsimile transmission and first class mail, prior to disclosure of the Confidential information and within two (2) business days of receipt of the subpoena or request, to allow the Producing or Designating Party an opportunity to object or to otherwise respond to the subpoena or request, and further provided that the party receiving the subpoena or request shall not disclose the Confidential information prior to the later of (1) ten (10) days after notice of the subpoena or request to the Producing or Designating Party, or (2) a ruling by the Court on any motion to quash or objection to the subpoena or request filed by the Producing or Designating Party within the ten (10) day period.

   14. The Confidential status of the documents and information governed by this Protective Order shall survive the conclusion of this Action, including, without limitation, any appeal therefrom. At the conclusion of the Action, every person (except Court personnel and jury members, if applicable) to whom Confidential information has been disclosed, other than counsel of record, shall return the Confidential information (and all copies thereof) to counsel of record who provided same. Counsel of record will then return to the Producing or Designating

Party all Confidential information (or any copy thereof) received from that Producing or Designating Party.  If Confidential information (or any copy thereof) is made part of the public record of this Action, then the obligation to return the Confidential information does not obtain.  If a party receiving Confidential information designates that Confidential information (or any copies thereof) as work product, then that party will destroy that Confidential information (and any copies thereof) in lieu of returning the document to the Producing or Designating Party.  The Producing or Designating Party shall ensure that all Confidential information received from its client or a third party (and all copies thereof) are returned to its client or the third party who produced the document, or shall, at the option of its client or the third party, arrange for the destruction of the Confidential information (and all copies thereof). Upon request from the Producing or Designating Party, counsel shall certify in writing that they have complied with this paragraph.  If requested by the Producing or Designating Party, persons to whom Confidential information (or copies thereof) has been disclosed also shall certify in writing that they have complied with this paragraph.

15. In entering into this Protective Order, the parties do not waive, and expressly preserve, all rights and objections they may have to the use of Confidential information in the Action.

16. It is the present intention of the parties that the provisions of this Protective Order shall govern discovery in the Action.  Nonetheless, each of the parties hereto shall be entitled to seek modification of the Protective Order, for good cause shown, by attempting to obtain the other parties' consent to such modification, and then, absent consent, by application to this Court.  As provided above, this remedy includes the right to seek a determination that documents or information are not Confidential.

17. Nothing in the Protective Order shall impose any restriction on the use or

disclosure by a party or witness of material obtained by the party or witness independent of discovery in the Action, whether or not the documents or information was also obtained through discovery in the Action.

18. The Protective Order has no effect upon, and shall not apply to, the parties' use of their own Confidential information for any purpose.

19. This Protective Order shall be binding on any future party to the Action who agrees in writing to be bound by the Protective Order.

20. The Court's jurisdiction to enforce this Protective Order is terminated upon final disposition of this case. However, a party may seek leave to reopen the case to enforce the provisions of this Protective Order.

IT IS SO ORDERED.

Dated this 13th day of February, 2008.

s/David J. Waxse<br>David J. Waxse U.S.<br>Magistrate Judge

STIPULATED TO BY:

        MICHAEL H. SATTERFIELD

        By: /s/ Dale K. Irwin
            Dale K. Irwin
            SLOUGH CONNEALY IRWIN & MADDEN
            LLC  1627 Main Street , Suite 900  Kansas City, MO 64108

            Christopher E. Kittell
            MERKEL & COCKE,
            P.A.  P.O. Box 1388
            Clarksdale, MS 38614

And

WELLS FARGO FINANCIAL FLORIDA, INC.

By: /s/ Jennifer J. Chapin
TIMOTHY J. SEAR  (#14813)
KEVIN J. BREER  (#19250)
POLSINELLI SHALTON FLANIGAN SUELTHAUS
6201 College Boulevard, Suite 500  Overland Park, Kansas 66211  (913) 451-8788  Fax No. (913) 451-6205

And

JENNIFER J. CHAPIN (#19553)
POLSINELLI SHALTON FLANIGAN SUELTHAUS   700 W. 47th Street, Suite 1000
Kansas City, Missouri 64112  (816) 753-1000  Fax No. (816) 753-1536

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**MICHAEL H. SATTERFIELD,**

    **Plaintiff,**

v.                                                                                      Case No.: 07-2349-JAR

**WELLS FARGO FINANCIAL
FLORIDA, INC.,**

    **Defendant.**

**UNDERTAKING REGARDING CONFIDENTIAL INFORMATION**

By signing below, I acknowledge and agree as follows:

1.     I have received and read a copy of the Protective Order entered by the United States District Court for the District of Kansas in this case.

2.     I agree to be bound by the terms of the Protective Order.  I understand that documents and information which are to be  disclosed to me by counsel of record for

11

_____ are to be used by me solely to assist such counsel in prosecution or defense of claims <u>involved in the action Michael H. Satterfield v. Wells Fargo Financial Florida, Inc, Case No. 07-2349-DJW</u>.  I further understand that a Protective Order entered by the Court, a copy of which has been shown to me and which I have read, prohibits me from either using such documents and information for any other purpose or disclosing such documents and information to any person other than counsel of record for

_____ or persons assisting them.  In accepting disclosure of documents to me, I agree to be bound by that Protective Order and submit to the jurisdiction of the Court for the purposes of its enforcement. At the conclusion of the case, or my involvement in the case, should that occur sooner, I will return all Confidential information I have to the attorney who provided it to me.  Upon request, I will confirm in writing that I have complied with the terms of the Protective Order.

This _____ day of _____, 2008

_____
_ Signature

_____
_ Printed Name

_____
_ Address

_____
_ Address

051821 /
121412  JJCHA
1637559